UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 13-00176 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CLAUDIA M. MAYS | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Claudia M. Mays' ("Mays") motion for appointment of counsel and for a reduction in sentence [Doc. No. 95].

On June 17, 2014, Mays pled guilty to one count of aiding and assisting in the making and subscribing of a false return (Count 3), two counts of wire fraud (Counts 16 & 17), and two counts of aggravated identity theft (Counts 19 & 20). Mays was sentenced by this Court on January 5, 2015, to serve 15 months imprisonment on Counts 3, 16 & 17, to run concurrently, and 24 months imprisonment on Counts 19 & 20 to run concurrently to each other, but consecutively with the term of imprisonment on Counts 3, 16 & 17. In total, May was sentenced to serve a term of 39 months.

Mays now moves the Court to appoint counsel to represent her and to reduce her sentence based on a recent amendment to the Sentencing Guidelines.

First, Mays did not appeal her sentence in this matter, and the time for appeal has long passed. As her sentence of imprisonment is final, the issue is now whether there is a basis for modification.

Title 18 U.S.C. § 3582(c) prohibits district courts from "modify[ing] a term of imprisonment once it has been imposed," except in the limited circumstances provided in 18 U.S.C. § 3582(c). Section 3582(c)(2) provides one such exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Mays argues that Amendment 794 provides a basis for modifying her sentence. Amendment 794 was adopted by the Sentencing Commission and became effective November 1, 2015. This Amendment addresses U.S.S.G. § 3B1.2, which provides a reduction for a participant's minor or minimal role in an offense. However, the Sentencing Commission did not amend the substantive language of § 3B1.2, but made revisions to the commentary following the guideline. There is no revision to the Guideline itself, and the revision to the commentary was not listed as a retroactive amendment in U.S.S.G. § 1B1.10(c). Therefore, under the plain language of § 3582(c), the Court is not authorized to reduce Mays' sentence based on this amendment because such a reduction would be inconsistent with Sentencing Commission policy. *See United States v. Kliffmueller*. 328 Fed. App'x. 912, 913 (5th Cir. 2009) (finding that the district court properly denied a § 3582(c)(2) motion based on Amendment 709).

Further, even if the Court had the authority under § 3582(c)(2) or some other provision to reconsider Mays' sentence with the benefit of the amended commentary, the Court finds no reason to do so. Section 3B1.2 provides that a defendant's offense level may be reduced for her mitigating role in the offense. An offense level is decreased by two levels if a defendant was a minor participant. Defendant bears the burden of proving her role in the offense by a preponderance of the evidence. "This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."

U.S.S.G. § 3B1.2 n.3(A). At the time Mays was sentenced, Application note 5 provided that a "minor participant" was someone "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* at n.5.

Since the November 1, 2015 amendments to the commentary, Application note 5 remains the same, but the Sentencing Commission states further that an adjustment under this section is fact-based and "based on the totality of the circumstances." U.S.S.G. § 3B1.2 n.3(C). The Court is instructed to consider a "non-exhaustive list of factors":

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

In this case, Mays argues that she had no proprietary interest in the criminal activity, and the Court should have considered her for a reduction as a minimal participant. It is true, and the Court was aware at the time of Mays' sentencing, that Mays was an employee at Faster Tax Refund

3

Express, but it is not true that she had no proprietary interest in the criminal activity. She admitted in her sentencing memorandum that she received "kickbacks" from customers for whom she prepared returns. Additionally, several of the other factors also counsel against a reduction given Mays active participation in the fraud. Finally, there were only two identified participants in this scheme: Mays and Carla Inzina ("Inzina"), and the evidence was sufficient to show that Mays was not less culpable than Inzina. Indeed, it appeared to the Court that, if anything, Mays may have been more culpable. Under these circumstances, even if the Court had the opportunity to consider the amendments to the commentary, the Court would not have reduced Mays' offense level based on her minimal participation.

For these reasons, the Court finds, first, that it has no authority to grant the relief Mays requests, and, even if it were to consider the amended commentary, Mays received an appropriate sentence. Accordingly,

IT IS ORDERED that Mays' motion to appoint counsel and for a reduction in her sentence is DENIED.

MONROE, LOUISIANA, this 9th day of August, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE